UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RAPHAEL MENDEZ, | Civil No. 11-1483 (ADM/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Judge JAMES M. ROSENBUAM, U.S. Dist. Ct. Minn., Federal Magistrate RAYMOND L. ERICKSON, U.S. Dist. Ct. Minn., Ms. MARY HAUGEN, Unit Manager, FMC Rochester, Minn., Mr. M. STALKA, Counselor et al FMC Rochester, Minn., | |
| Defendants. | |

Plaintiff, a civilly committed detainee at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), commenced this action by filing a self-styled pleading entitled "Bivens Civil Rights Complaint." (Docket No. 1.) He is seeking relief for alleged violations of his federal constitutional rights, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff did not pay the $350.00 filing fee for this action, but instead, he applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.)

The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The Third Circuit Court of Appeals has explained the reason for Plaintiff's current confinement as follows:

> "In 1990, Mendez was indicted in the Virgin Islands for assault with a deadly weapon and related offenses. See United States v. Mendez, Crim A. No. 90-0043 (D.V.I). In 1991, the Virgin Islands District Court found Mendez to be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d), Mendez was committed to the custody of the Attorney General for treatment at the Mental Health Division of the Federal Correctional Institution at Butner, North Carolina ("FCI-Butner").
>
> The warden of FCI-Butner filed a Certificate of Mental Disease or Defect and Dangerousness and a petition for civil commitment pursuant to § 4246, in the United States District Court for the Eastern District of North Carolina ("District Court"). See United States v. Raphael Mendez, Civ. A. No. 91-350-HC (E.D.N.C.). In September 1991, the District Court granted the petition and Mendez was committed to the custody of the Attorney General pursuant to § 4246(d). The District Court ordered Mendez's conditional release in 1996. He was re-committed in 2001 and his conditional release was revoked in November, 2002. Mendez challenged his re-commitment under § 4246, claiming, among other things, that the District Court lacked jurisdiction because he was charged with criminal offenses under Virgin Islands Territorial law, not federal law. The Fourth Circuit Court of Appeals affirmed the judgment of the District Court on jurisdictional and substantive grounds."

In re Mendez, 220 Fed.Appx. 75, 76 (3rd Cir. 2007) (unpublished opinion).[1]

In 2006, Plaintiff was transferred to FMC-Rochester, where he continues to be confined pursuant to 18 U.S.C. § 4246. (Complaint, p. 2, ¶ 8.) Shortly after Plaintiff arrived at FMC-Rochester, he was assigned to work at a prison job. Plaintiff believed that he

---

[1] A more complete explication of Plaintiff's background can be found at Mendez v. Bureau of Prisons, No. 08-4971 (JMR/RLE), (D.Minn. 2009), 2009 WL 3856925 at *1-2.

should not have to work, because he is not a convicted criminal defendant, but rather, he is being detained pursuant to § 4246. Thus, in August 2006, Plaintiff commenced a civil rights action in this District challenging the constitutionality of his work assignment at FMC-Rochester. Mendez v. Anderson, Civil No. 06-3307 (JMR/RLE) [hereafter Mendez I"]. In Mendez I, Plaintiff claimed that prison officials at FMC-Rochester had violated his federal constitutional rights under the Eighth and Thirteenth Amendments, because they allegedly threatened to discipline Plaintiff if he did not perform his work assignment.

Mendez I was assigned to Defendant James M. Rosenbaum, who was then the Chief District Court Judge for this District, and Defendant Raymond L. Erickson, who was then the Chief Magistrate Judge for this District.[2] In a Report and Recommendation, ("R&R"), dated August 14, 2007, Magistrate Judge Erickson recommended that Mendez I, should be dismissed. Magistrate Judge Erickson specifically determined that Plaintiff's work assignment did not violate his federal constitutional rights. (Mendez I, Report and Recommendation dated August 14, 2007, [Docket No. 28], citing, inter alia, Ferch v. Federal Medical Center, Civil No. 00-2300 (JMR/AJB) (D.Minn.).[3]) The District Court Judge, Defendant Rosenbaum, agreed with the Magistrate Judge's determination, and Mendez I was therefore dismissed on September 14, 2007. Plaintiff did not appeal that ruling.

---

[2] Judge Rosenbaum and Magistrate Judge Erickson are now retired.

[3] Ferch was a civil rights action brought in this District by another civilly committed inmate at FMC-Rochester. In Ferch, the Court determined that prison officials did not violate the inmate's constitutional rights by giving him a work assignment.

In November 2010, Plaintiff commenced another action in this Court – Mendez v. Rosenbaum, Civil No. 10-4668 (ADM/FLN), [hereafter "Mendez II"]. In that case, Plaintiff attempted to sue Judge Rosenbaum and Magistrate Judge Erickson, claiming that they had violated his federal constitutional rights by ruling against him in Mendez I. This Court recommended that Mendez II should be summarily dismissed, because the Defendants were immune from Plaintiff's claims under the doctrine of judicial immunity. (Mendez II, Report and Recommendation dated November 24, 2010, [Docket No. 3].) Plaintiff objected to that recommendation, but his objections were overruled, and Mendez II was dismissed on December 10, 2010. Plaintiff filed a timely appeal in Mendez II, but the Eighth Circuit Court of Appeals affirmed the District Court's dismissal order.

In Plaintiff's present lawsuit, he is attempting to re-raise and re-litigate the same claims that were dismissed in Mendez I and Mendez II. Plaintiff claims that Defendants Haugen and Stalka violated his constitutional rights by requiring him to work during the course of his civil commitment at FMC-Rochester. He further claims that Defendants Rosenbaum and Erickson violated his constitutional rights by causing Mendez I to be dismissed.

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that (a) fails to state a claim on which relief can be granted, or (b) attempts to prosecute a claim for damages against a party who is legally immune from such claims. 28 U.S.C. § 1915(e)(2)(B); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

4

In this case, the Court initially finds that Plaintiff has failed to state a cause of action against Defendants Haugen and Stalka, because the claims that Plaintiff is now attempting to bring against those two Defendants are indistinguishable from the claims that were considered and rejected in Mendez I. It has already been determined, in Mendez I, that the federal Constitution does not prevent FMC-Rochester officials from giving Plaintiff a work assignment The Court will therefore recommend that Plaintiff's claims against Defendants Haugen and Stalka be summarily dismissed for the reasons explained in Mendez I.

Plaintiff's current claims against Defendants Rosenbaum and Erickson are indistinguishable from the claims that were dismissed in Mendez II. This Court finds, once again, that Plaintiff's attempt to sue those two Defendants is barred by the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) ("'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly'") (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). The Court will therefore recommend that Plaintiff's claims against Defendants Rosenbaum and Erickson be dismissed for the reasons explained in the Report and Recommendation filed in Mendez II.[4]

---

[4] Plaintiff presently contends that his claims against Defendants Rosenbaum and Erickson are not barred by judicial immunity, because those Defendants allegedly acted "in complete absence of federal Jurisdiction" in Mendez I. (Complaint, p. 4, ¶ 21; p. 5, ¶ 23; p. 7, ¶ 28(c).) Although Plaintiff claims this lack of jurisdiction argument was never addressed in Mendez II, (see Complaint, p. 4, ¶ 21), that is simply untrue. In the Report and Recommendation in Mendez II, this Court expressly found out that District Judge Rosenbaum and Magistrate Judge Erickson did have jurisdiction in Mendez I. (See Mendez II, Report and Recommendation dated November 24, 2010, [Docket No. 3], at p. 3.) The Court also noted, (and reiterates here), that it is patently absurd for Plaintiff to argue that Defendants Rosenbaum and Erickson lacked jurisdiction in Mendez I, because

Again, all of Plaintiff's claims in this case have already been considered and rejected in Mendez I and Mendez II. For the reasons discussed in those two previous cases, the Court now finds that Plaintiff has failed to plead an actionable claim for relief in this case. The Court therefore recommends that Plaintiff's pending IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2).

**III. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

Dated: June 30, 2011

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 14, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo

---

if that were correct, then they could not have even considered the claims that Plaintiff himself attempted to bring in Mendez I. (Id.) It makes no sense for Plaintiff to argue that Defendants Rosenbaum and Erickson wrongly dismissed a case (Mendez I) in which they allegedly had no jurisdiction. As this Court explained in Mendez II, Judge Rosenbaum and Magistrate Judge Erickson did have jurisdiction over Mendez I, and they were acting in their respective judicial capacities when they caused Mendez I to be dismissed. Therefore, the Court concludes (once more) that Judge Rosenbaum and Magistrate Judge Erickson are legally immune from Plaintiff's claims against them, because of judicial immunity.

determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.